IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Rabia Hamidani, individually and on behalf, of all others similarly situated,<br><br>     Plaintiff,<br>  v.<br>Bimbo Bakehouse LLC,<br>     Defendant. | Case No. 22-cv-01026<br><br>Judge Sharon Johnson Coleman |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Rabia Hamidani, on behalf of herself and all others similarly situated, brings this action against Bimbo Bakehouse LLC ("Bimbo Bakehouse") for violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1, et seq.; violation of various State Consumer Fraud Acts; Breaches of Express Warranty, Implied Warranty of Merchantability/Fitness for a Particular Purpose, and the Magnuson Moss Warranty Act, 15 U.S.C. § 2301, et seq.; Negligent Misrepresentation; Fraud; and Unjust Enrichment.[1] Before the Court is Defendant's motion to dismiss [9] under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1). For the following reason, the Court grants the motion.

**Background**

The following facts are taken as true for purposes of this motion. Defendant Bimbo Bakehouse manufactures and sells various food products, including wheat sandwich loaf called "Our Famous 'Brown Bread'" (the "Bread" or the "Product"). The Bread primarily contains enriched wheat flour made from refined grains as opposed to whole wheat flour made from whole grains. The exact amount of whole wheat flour the Bread contains is uncertain, but the amount is less than

---

[1] Given Plaintiff's request to "withdraw" it, (Dkt. 11-1, at 7), the Court dismisses the Breach of Contract claim.

enriched wheat flour. The Product is also made with molasses and caramel color, which makes the Bread appear darker in color, and contains oat and rye flakes dispersed on its top crust. As part of its packaging and marketing, the Bread's label includes the brand name "The Cheesecake Factory," which, at least in part, references the restaurant chain of the same name that serves a similar bread product.



(Dkt. 1, at 1, 5–6.)

Defendant sells the Product to third parties, including grocery stores. The named Plaintiff purchased the Bread from one such third party in Illinois on one or more occasions. Plaintiff alleges that the Bread's physical appearance and the packaging's labels deceived her into thinking that the Bread contained more whole grains than refined grains.

**Legal Standard**

A Rule 12(b)(1) motion challenges federal jurisdiction, including Article III standing, and the party invoking jurisdiction bears the burden of establishing the elements necessary for subject matter jurisdiction, including standing. *Thornley v. Clearview AI, Inc.*, 984 F.3d 1241, 1244 (7th Cir. 2021);

2

*Int'l Union of Operating Eng'rs Loc. 139, AFL-CIO v. Daley*, 983 F.3d 287, 294 (7th Cir. 2020). Under Rule 12(b)(1), the Court accepts all well-pleaded factual allegations as true and construes all reasonable inferences in the plaintiff's favor when a defendant has facially attacked standing. *Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 2 F.4th 1002, 1007 (7th Cir. 2021).

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S. Ct. 1289, 179 L. Ed. 2d 233 (2011). When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam). To survive a motion to dismiss, plaintiff must "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A complaint is facially plausible when the plaintiff alleges enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

**Discussion**

Bimbo Bakehouse moves to dismiss Plaintiff's claims for lack of standing and failure to state a claim. The Court addresses the standing issue first.

<u>Standing</u>

Defendant argues that Plaintiff does not have standing to seek injunctive relief. To establish standing under Article III, a plaintiff must show: (1) she suffered an injury-in-fact; (2) that is fairly traceable to the defendant's conduct; and (3) that is likely to be redressed by a favorable judicial decision. *Cothron v. White Castle Sys., Inc.,* 20 F.4th 1156, 1160 (7th Cir. 2021). To establish an injury-in-fact for injunctive relief, "a plaintiff must show that the defendant's conduct will likely cause it to suffer damages in the future." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 741 (7th Cir. 2014)

3

(quoting *Kensington's Wine Auctioneers & Brokers, Inc. v. John Hart Fine Wine, Ltd.*, 392 Ill. App. 3d 1, 9, 909 N.E.2d 848 (1st Dist. 2009)). Past exposure to unlawful conduct is insufficient. *Id.*

Defendant contends that Plaintiff cannot establish risk of future harm sufficient for standing to pursue injunctive relief. Plaintiff lacks risk of future deception by Defendants because, by bringing this suit, Plaintiff is now aware of any alleged misrepresentations regarding the Product. *See Geske v. PNY Techs., Inc.*, 503 F. Supp. 3d 687, 702 (N.D. Ill. 2020) (Seeger, J.) ("There is no risk of 'fool me twice,' so there is no basis for an injunction."). In response, Plaintiff states that she intends to re-purchase the Product with assurance that the Product comports with its representations. The Court disagrees and aligns itself with those courts finding that "[o]nce a plaintiff knows that a product is deficient, he or she is unlikely to purchase it again, and therefore unlikely to sustain future harm." *Id.* at 702; *see also In re Herbal Supplements Mktg. and Sales Pracs. Litig.*, 15-cv-5070, 2017 WL 2215025, at *7 (N.D. Ill. May 19, 2017) (St. Eve, J.) (collecting cases). Plaintiff therefore lacks standing to pursue injunctive relief.

State Consumer Fraud Claims

Next, Defendant moves to dismiss Plaintiff's consumer fraud claims for failure to state a claim. To survive a motion to dismiss under the ICFA,[2] a plaintiff must plausibly allege: "(1) a deceptive or unfair act or promise by the defendant; (2) the defendant's intent that the plaintiff rely on the deceptive or unfair practice; and (3) the unfair or deceptive practice occurred during a course of conduct involving trade or commerce." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 934 (7th Cir. 2010)

---

[2] Plaintiff also raises claims on behalf of a multi-state class for violations of State Consumer Fraud Acts in Arkansas, Montana, Nebraska, Virginia, Georgia, and Iowa. The statutes "'all require plaintiffs to prove that the relevant labels are likely to deceive reasonable consumers,' which 'requires a probability that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled.'" *Bell v. Publix Super Markets, Inc.*, 982 F.3d 468, 475–76 (7th Cir. 2020) (quoting *Beardsall v. CVS Pharmacy, Inc.*, 953 F.3d 969, 972–73 (7th Cir. 2020)). The parties do not identify any meaningful differences between the applicable statutes. Therefore, these claims rise and fall together on the question of whether the Product's representations were likely to deceive reasonable consumers. *See id.*

(citing *Robinson v. Toyota Motor Credit Corp.*, 201 Ill. 2d 403, 417, 775 N.E.2d 951 (2002)). To show that an act was deceptive, a plaintiff must allege that a reasonable consumer would be deceived by the defendant's representations or omissions. *Bell v. Publix Super Markets, Inc.*, 982 F.3d 468, 476 (7th Cir. 2020). This standard "requires a probability that a significant portion of the general consuming public or of target consumers, acting reasonably in the circumstances, could be misled." *Beardsall v. CVS Pharmacy, Inc.*, 953 F.3d 969, 973 (7th Cir. 2020) (quoting *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016)). The Court may dismiss ICFA claims that are not misleading as a matter of law, such as where Plaintiff's interpretations are unreasonable of fanciful. *Bell*, 982 F.3d at 477.

Plaintiff alleges that the Bread's name and appearance leads consumers to believe it is made primarily of whole grains, although the Bread actually contains a larger proportion of refined grains than whole grains. Specifically, Plaintiff contends that the Bread's brown color as well as the oats and rye flakes atop the Bread mislead consumers as to its contents. Plaintiff maintains that the Bread's label, which states "Brown Bread," also supports this conclusion. Defendant responds that the claim should be dismissed because the Bread's physical appearance and label make no explicit or implicit claims about its ingredients. Further, Defendant argues the phrase "Brown Bread" refers to the branding of the Bread served at The Cheesecake Factory restaurants, not the Bread's whole grain content.

Packaging that merely depicts or asserts the presence of an ingredient typically cannot lead a reasonable consumer to conclude that the product contains a certain amount of that ingredient. *See, e.g., Chiappetta v. Kellogg Sales Co.*, No. 21-cv-3545, 2022 WL 602505, at *4–5 (N.D. Ill. Mar. 1, 2022) (Aspen, J.); *Cerretti v. Whole Foods Mkt. Grp., Inc.*, No. 21 CV 5516, 2022 WL 1062793, at *3 (N.D. Ill. Apr. 8, 2022) (Shah, J.). In *Chiappetta*, for example, the defendant company produced a breakfast pastry with a fruit filling. The plaintiff sued, arguing that the product's packaging, which included a picture of a strawberry and the word "strawberry," falsely led consumers to believe the fruit filling

5

contained no other fruits. *Id.* That court dismissed the ICFA claim, reasoning that the packaging and color of the filling made no claims about the proportion of strawberries in the filling. *Id.* at *5.

This case is substantially similar to *Chiappetta*. Here, the Bread's appearance and label makes no explicit or implicit representations about the proportion of whole grains in the Bread's ingredients. Even if the brown color of the bread signifies that the Bread contained whole grains—which it does—it does not guarantee its precise whole grain content. Further, Defendant's use of the phrases "Brown Bread" and "wheat sandwich loaf" make no reference to "*whole* wheat" or "*whole* grains." *See Bell*, 982 F.3d at 477–78; *Chiappetta*, 2022 WL 602505, at *5 (dismissing the ICFA claim because there were no "untruths on the packaging"). The presence of oat and rye flakes on the exterior of the Bread does not move the needle. No reasonable consumer could conclude what percentage of whole wheat the Bread contains merely by these toppings. Plaintiff has not identified any plausible deception in the Product's packaging or physical appearance. Therefore, Plaintiff's interpretation of the Product's representations is unreasonable, and her consumer fraud claims are dismissed.

Because Plaintiff's consumer fraud claims fail to state a claim, the Court does not consider whether they are preempted or whether her ICFA claim improperly seeks to enforce an alleged contractual promise.

Common Law Fraud

Plaintiff's common law fraud claim fails for the same reasons as her consumer fraud claims. In Illinois, to support a claim for fraud, a plaintiff must allege "(1) a false statement of material fact; (2) defendant's knowledge that the statement was false; (3) defendant's intent that the statement induce the plaintiff to act; (4) plaintiff's reliance upon the truth of the statement; and (5) plaintiff's damages resulting from reliance on the statement." *Tricontinental Indus., Ltd. v. PricewaterhouseCoopers, LLP*, 475 F.3d 824, 841 (7th Cir. 2007) (quoting *Connick v. Suzuki Motor Co., Ltd.*, 174 Ill. 2d 482, 675

N.E.2d 584, 591 (1996)). Plaintiff has not plausibly alleged that the Product contained a false statement of material fact. Rather, as previously held, her interpretations of the Bread's packaging and physical appearance are unreasonable. Therefore, her common law fraud claim is dismissed.

Negligent Misrepresentation

Defendant argues that Plaintiff cannot sustain her claim for negligent misrepresentation because a negligence cause of action cannot be sustained for economic losses alone. *See Moorman Mfg. Co. v. Nat'l Tank Co.*, 91 Ill. 2d 69, 435 N.E.2d 443 (1982). Under *Moorman*, there exists two exceptions to the economic loss doctrine: (1) if defendant intentionally made false representations; or (2) if defendant is "in the business of supplying information for the guidance of others in their business transactions." *Id.* at 88–89. Plaintiff maintains that the second *Moorman* exception applies because Defendant holds itself out as having special knowledge and expertise that created a duty to refrain from misleading consumers about its product. Plaintiff's response is without legal support. As a manufacturer of goods, Defendant is "not in the business of supplying information." *See O'Connor v. Ford Motor Co.*, 477 F. Supp. 3d 705, 723 (N.D. Ill. 2020) (Dow, J.). Rather, the information supplied to consumers is ancillary to the sale of its product. *See id.* at 722 (citing *First Midwest Bank, N.A. v. Stewart Title Guar. Co.*, 218 Ill. 2d 326, 843 N.E.2d 327, 334 (2006)). Therefore, Plaintiff's negligent misrepresentation claim is dismissed.

Breach of Warranty

Plaintiff brings claims for breach of express warranty and breach of implied warranty of merchantability. Defendant contends that these claims must be dismissed because Plaintiff failed to meet pre-suit notice requirements to bring breach of warranty claims as required by 810 ILCS 5/2-607(3)(a). Under section 2-607, "the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of the breach or be barred from *any* remedy." 810 ILCS 5/2-607(3)(a) (emphasis added); *see also Connick*, 675 N.E.2d at 589 (Plaintiff must "directly

7

notify the seller of the troublesome nature of the transaction or be barred from recovering for a breach of warranty"). Plaintiff responds that she complied with the pre-suit notice requirement by filing this lawsuit in February 2022. (Dkt. 11-1, at *8.)

Though the issue of notice is normally a question of fact to be decided by the jury, where a plaintiff does not allege legally sufficient notice in the complaint, the Court may rule on the issue at the motion to dismiss stage. *O'Connor*, 477 F. Supp. 3d at 717. Here, Plaintiff's argument that she complied with the statutory notice requirement by filing this suit fails. Plaintiff is required to give notice *pre*-suit. *See id.* (emphasis added) (dismissing a breach of warranty claim because the plaintiff failed to "allege in the complaint or assert in response to the motion to dismiss that he ever contacted Defendant about his [product] in any manner *before filing suit*"). Because she does not allege that she gave direct pre-suit notice, Plaintiff's breach of warranty claims fail.

Plaintiff also claims that Defendant violated the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2310(d)(1), which creates a federal cause of action for breach of warranty. Because her state law warranty claims fail, however, her MMWA claim also fails. *See Cerretti*, 2022 WL 1062793, at *5 (citing *Perona v. Volkswagen of Am., Inc.*, 292 Ill. App. 3d 59, 65 684 N.E.2d 859 (1st Dist. 1997)) ("If plaintiff's notice is insufficient under Illinois law, it also fails under federal law, because the Magnuson-Moss Warranty Act incorporates state-law notice requirements.").

Unjust Enrichment

Finally, Defendant contends that Plaintiff's claim for unjust enrichment must fail because it is predicated on Plaintiff's claims for fraud. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 447 (7th Cir. 2011) (quoting *Alliance Acceptance Co. v. Yale Ins. Agency, Inc.*, 271 Ill. App. 3d 486, 492, 648 N.E.2d 971 (1st Dist. 1995)) ("Under Illinois law, unjust enrichment is not a separate cause of action[, but rather] 'a condition that may be brought about by unlawful or improper conduct as defined by law … and may be redressed by a cause of action based upon that

8

improper conduct.'"). Plaintiff admits that her unjust enrichment claim must be predicated on an independent source of fraud. Because her underlying causes of action fail, so does her unjust enrichment claim.

**Conclusion**

For the foregoing reasons, the Court grants Defendant's motion [9] and dismisses the complaint in its entirety. Plaintiff's claim for negligent misrepresentation is dismissed with prejudice as amendment would be futile. The remaining claims are dismissed without prejudice. Plaintiff has leave to file an amended complaint by January 26, 2023 if she can do so in accordance with this Opinion.

**IT IS SO ORDERED.**

Date: 1/12/2023

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge.